David B. Monks (SBN 164232)
    E-Mail: dmonks@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
RYDER TRUCK RENTAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE G. RODRIGUEZ,<br><br>               Plaintiff,<br><br>v.<br><br>RYDER TRUCK RENTAL, INC., a corporation; and DOES 1-50, inclusive,<br><br>               Defendants. | Case No:<br><br>**PETITION FOR REMOVAL**<br><br><br><br>Complaint in State Court Filed: October 10, 2017<br>Trial Date:      None Set |

TO PLAINTIFF AND THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, in accordance with 28 U.S.C. §§ 1441 and 1446, Defendant Ryder Truck Rental, Inc., removes Plaintiff Joe G. Rodriguez's state-court lawsuit from the Superior Court of California, County of Los Angeles, East District – Pomona (Case No. KC069695) to the United States District Court for the Central District of California. In support of removal, Ryder states as follows:

## PROCEDURAL HISTORY

1. On October 10, 2017, Plaintiff filed his Complaint for Damages in the Superior Court of California for the County of Los Angeles (East District –

1      1      Case No:
PETITION FOR REMOVAL

FPDOCS 33561503.1

Pomona). The complaint, titled *Joe G. Rodriguez v. Ryder Truck Rental, Inc.*, has case number KC069695 and alleges a single cause of action for Wrongful Termination in Violation of Public Policy.

2.    On November 22, 2017, Plaintiff served the complaint, with a summons on Defendant through its designated agent for service of process. Copies of the summons and complaint are attached to this Petition as Exhibit 1.

3.    On December 20, 2017, Defendant filed in the superior court, and served on Plaintiff, its Answer to Plaintiff's Complaint for Damages. A copy of the answer is attached as Exhibit 2.

## TIMELINESS OF REMOVAL

4.    As noted above, Defendant received the summons and complaint on November 22, 2017, via personal service on its agent for service of process. Therefore, service was effective on November 22, 2017.

5.    This Petition for Removal is timely because it has been filed within 30 days of receipt by proper service, as required by 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL JURISDICTION

6.    Under 28 U.S.C. § 1332, this Court has diversity jurisdiction over Plaintiff's action because Plaintiff and Defendant are citizens of different states, no defendant is a citizen of California, and the amount in controversy exceeds $75,000, exclusive of interests and costs. Accordingly, this case may be removed to this Court under 28 U.S.C. §§ 1441(a) and 1446(b).

### Diversity of Citizenship

7.    Plaintiff resides in the state of California. (Ex. 1, Complaint ¶ 1.) He began working for Ryder in 1972. All alleged pertinent acts, occurrences, and injuries occurred in Los Angeles County, California. (Ex. 1, Complaint ¶¶ 8, 9.) Ryder is currently, and has been since 1953, a Florida corporation with its principal place of business in Florida. Declaration of Heather Gatley in Support

2    Case No:

PETITION FOR REMOVAL

FPDOCS 33561503.1

of Petition for Removal ¶ 2.  Accordingly, Ryder is a citizen of Florida.[1]

**Amount in Controversy**

8.    Based on the complaint's allegations and on information that Ryder is providing in support of this removal request, the amount in controversy in this action exceeds the $75,000 minimum required by 28 U.S.C. § 1332(a).  Plaintiff seeks to recover lost earnings and benefits from the end of his employment to the present. (Ex. 1, Complaint ¶¶ 16, 32; Prayer for Relief No. 1.)  He also seeks damages for humiliation, embarrassment, and anguish. (Ex. 1, Complaint ¶¶ 16, 32.)

9.    Plaintiff alleges that he was discharged on approximately October 23, 2015.  (Ex. 1, Complaint ¶ 16.)  Ryder's records show that the termination of Plaintiff's employment was on October 24, 2015.  (Declaration of Marcene Head in Support of Petition for Removal ["Head Decl."] ¶ 4.)  At the time of discharge, Plaintiff's hourly rate was $36.29.  (Head Decl. ¶ 5.)  Accordingly, Plaintiff's monthly earnings were about $6290.27 ($36.29 per hour x 40 hours per week x 52 weeks per year, divided by 12 months).  So, for the 26 months between termination on October 24, 2015, and the present, Plaintiff's potential lost earnings are approximately $163,547.02 ($6290.27 x 26).

10.    In addition, Plaintiff seeks to recover his attorneys' fees. (Ex. 1, Complaint ¶ 33; Prayer for Relief No. 4.)  It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional

---

[1] The complaint names Does 1 through 50 as additional defendants.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of Doe defendants is disregarded. *See also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).  For this reason, this Petition for Removal does not discuss the citizenship of Doe defendants.

3                                    3    Case No:

PETITION FOR REMOVAL

2.    Ryder Truck Rental, Inc. is a wholly-owned subsidiary of Ryder System, Inc., a publicly held corporation.

Dated:  December 22, 2017

Respectfully submitted,

FISHER & PHILLIPS LLP

By: /s/ DAVID B. MONKS
David B. Monks
Attorneys for Defendant
RYDER TRUCK RENTAL, INC.

2    Case No:

DEFENDANT'S NOTICE OF INTERESTED PARTIES

FPDOCS 33561507.1

EXHIBIT 1

**SU**

**SUMMONS**           **BY FAX**
*(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RYDER TRUCK RENTAL, INC., a corporate entity form unknown, d/b/a
RYDER TRANSPORTATION SERVICES; and DOES 1-50, inclusive.

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**OCT 10 2017**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOE G. RODRIGUEZ, an individual.

Sherri R. Carter, Executive Officer/Clerk
By Jacqueline Gonzalez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the inform below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a co served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Cou Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and pr may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an atto referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can loc these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fee: costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the ca ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en e corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuest Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la co que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la cor podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servi remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o e colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* County of Pomona
400 Civic Center Plaza
Pomona, CA 91766

| CASE NUMBER:<br>*(Número del Caso):* | KC 06969 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili, Esq., SBN: 262219; SMAILI & ASSOCIATES, P.C., 714-547-4700
600 West Santa Ana Blvd, Suite 202, Santa Ana, CA 92701

| DATE: **OCT 10 2017**<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | J. GONZALEZ | , De<br>*(Ad* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): *Ryder Truck Rental, Inc.*
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person
   ☐ other (specify):
4. ☐ by personal delivery on (date):

**CASE ASSIGNED FOR ALL PURPOSES TO JUDGE ROBERT A. DUKES DEPT. "O"**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412
www.courtinf

12:38:36 2017-10-09

Opt-Out: Not Defined

Jihad M. Smaili, Esq. [262219]
Adam K. Obeid, Esq. [247188]
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
adam@smaililaw.com

Attorney for Plaintiff

FEE WAIVER

**FILED**
Superior Court of California
County of Los Angeles

**OCT 10 2017**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Jacqueline Gonzalez

A6037
91766

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES – POMONA

BY FAX

JOE G. RODRIGUEZ, an individual;

           Plaintiff,

  v.

RYDER TRUCK RENTAL, INC., a
corporate entity form unknown, d/b/a
RYDER TRANSPORTATION SERVICES;
and DOES 1-50, inclusive,

           Defendants.

Case No.: **KC069695**
Assigned for all purposes to the

### COMPLAINT FOR DAMAGES

Wrongful Termination in
Violation of Public Policy

### DEMAND FOR JURY TRIAL

Unlimited Jurisdiction

CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE ROBERT A. DUKES
DEPT. "O"

REQUEST FOR FEE WAIVER FILED __10-10-17__

AMOUNT RECOVERABLE $ __435.00__

COMPLAINT FOR DAMAGES

1

12:38:36 2017-10-09

## PARTIES

1.  Plaintiff Joe G. Rodriguez ("Plaintiff" and/or "Rodriguez") is an individual residing in the State of California.

2.  Plaintiff is informed and believes and thereon alleges that Defendant Ryder Truck Rental, Inc., d/b/a Ryder Transportation Services ("RTS"), is a corporate entity, form unknown, operating from and having a place of business in the County of Los Angeles, State of California.

3.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.  Each reference in this complaint to "Defendants" refers to RTS, and also refers to all Defendants sued under fictitious names.

5.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this complaint, Defendants are now and/or at all times mentioned in this complaint were acting within the course and scope of that agency, servitude and/or employment.

6.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this complaint were members of

---

COMPLAINT FOR DAMAGES

2

12:38:36 2017-10-09

and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this complaint approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## VENUE AND JURISDICTION

8.      Pursuant to *Code of Civil Procedure* §395, this Court has jurisdiction over this matter, and venue is proper in the County of Los Angeles, State of California.  As alleged herein, Defendants reside and/or are domiciled in Los Angeles County and the acts, occurrences and injuries as alleged herein all occurred in Los Angeles County.

## FACTUAL BACKGROUND

9.      Plaintiff began working for RTS in approximately February 1972.  Plaintiff was a diligent and hard-working employee and performed his duties competently and within the company's rules, policies, and procedures for over forty years.

10.      Plaintiff worked on average approximately 40 hours/week and at the time of his wrongful termination was earning approximately $36.00/hr.

11.      Plaintiff was employed at RTS as a T-4 Technician and performed mechanical work on heavy duty diesel vehicles.  Plaintiff's duties included, without limitation, overhauling engines, transmissions, rear ends, clutches and performing general truck maintenance.  Plaintiff was required to stand, walk, and use his hands for repetitive

motion such as fine manipulation, grasping, pulling and pushing of objects. Further, Plaintiff was required to bend, squat, crawl, kneel, climb and work above ground, sometimes lifting and moving objects located above shoulder height. On average, Plaintiff was required to stand and walk for the majority of his shift.

12. In or about 2015, Plaintiff suffered an injury to his right leg and knee during the course and scope of his employment.

13. Plaintiff promptly reported his on-the-job injury to his supervisors, including, without limitation, Rose and Tim. Plaintiff is informed and believes and thereon alleges that Rose and Tim are Managing Agent of RTS. Upon receiving the report of injury to Plaintiff, neither Rose nor Tim nor any other supervisor took any action, and, utterly failed to send Plaintiff for medical treatment and/or furnish or provide any medical treatment to Plaintiff. RTS and its managers further failed and refused to provide Plaintiff with workers' compensation documentation.

14. As a result of Plaintiff's on-the-job injury and the pain associated with the same, and following RTS' refusal to provide Plaintiff with medical treatment, Plaintiff was forced to treat with his own personal physician.

15. Plaintiff treated with his personal physician who ordered Plaintiff to undergo knee arthroplasty to his right knee. The resulting surgery required Plaintiff to take time off work, and, further required Plaintiff to ambulate with a cane and to utilize a knee brace. Plaintiff underwent surgery and promptly provided all of his doctor's reports to RTS via its managers and supervisors.

16. Following Plaintiff's surgery, and, while out of work on a medically ordered leave, Defendants unilaterally terminated Plaintiff's employment on or about October 23, 2015.

17. Plaintiff is informed and believes and thereon alleges that despite Defendants' being in possession of Plaintiff's doctors notes/reports which listed Plaintiff's condition and restrictions, Defendants failed to engage Plaintiff in a good faith interactive process aimed at reuniting Plaintiff with his job, and, failed to provide

reasonable accommodation for Plaintiff pursuant to his treating physicians' directions.

18.    In connection with the foregoing, Plaintiff sought to file a formal workers' compensation claim pursuant to California's workers compensation laws to obtain medical treatment, and, seek payment for lost wages. Plaintiff is informed and believes and thereon alleges that Defendants did not want to damage their experience modification rating (i.e. their workers' compensation insurance score) by proceeding with Plaintiff's work place injury claim and need for medical treatment. Upon information and belief, Defendants placed their own economic interests before those of Plaintiff's health, safety and well-being.

19.    The stated reason for Plaintiff's termination was "job abandonment." Plaintiff is informed and believes and thereon alleges that this explanation provided by Defendants was a pretext to conceal the true discriminatory motive for terminating Plaintiff, namely, to silence Plaintiff and prevent his filing of a workers compensation claim, to prevent Plaintiff from complaining about his working conditions, to rid Defendants of the need to engage Plaintiff in an interactive process and accommodate Plaintiff's medical restrictions, and to ensure that Defendants' profits were prioritized over the safety, well-being and legal rights of Plaintiff.

20.    It is axiomatic that Plaintiff was discriminated against, retaliated against, and wrongfully terminated on the basis of his medical condition, disability, and for taking time off work and filing (seeking to file) for workers' compensation. What is more, Defendants failed to accommodate Plaintiff and did not attempt to engage in a good faith interactive process. As a result of the foregoing facts and allegations, Plaintiff suffered, and continues to suffer from severe stress, anxiety, and mental anguish.

## FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

21.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 20, inclusive, as though fully set forth herein.

COMPLAINT FOR DAMAGES

5

12:38:36 2017-10-09

22. Plaintiff was employed by Defendants and sustained an on-the-job injury as more fully allege above. Subsequently, Defendants terminated Plaintiff's employment.

23. Plaintiff is informed and believes and thereon alleges that Plaintiff's medical condition, disability, and engagement in protected activity were substantial factors in Defendants' decision to terminate Plaintiff's employment.

24. Plaintiff's discharge was wrongful in that it violated the fundamental public policies of this State of guaranteeing the provision of reasonable accommodations for employees and prohibiting discrimination on the bases of disability.

25. California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.

26. *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

27. *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

28. *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

29. *Labor Code* §1102.5 makes it illegal for an employer to retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. The "whistleblowing" provisions of *Labor Code* §1102.5 also extend to complaints made by employees to their private employers. *Green v. Ralee Eng. Co.* (1998) 19 Cal 4th 66.

30. Upon information and belief, Defendants willfully and purposefully prevented Plaintiff from obtaining necessary medical treatment for his leg and knee

following Plaintiff's on-the-job injury in order to avoid having to file and record a workers compensation claim that would affect Defendants' workers compensation modification rating and likely result in increased premiums. Upon information and belief, Defendants further sought to stifle Plaintiff's attempts to lodge grievances and complaints concerning work place safety, and, particularly, Plaintiff's safety in the workplace. Upon information and belief, Defendants wanted Plaintiff to be terminated in order to silence Plaintiff and prevent Plaintiff from complaining about his medical conditions and working conditions.

31. The discharge of Plaintiff as alleged above violated the public policy of the State of California as expressed in the provisions of *Gov't Code* §12940 et seq., *Labor Code* §232.5, *Labor Code* §6310, *Labor Code* §6400, and *Labor Code* §1102.5, each of which is explained in pertinent part above.

32. As a proximate result of the wrongful discharge of Plaintiff, in violation of public policy, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and anguish, all in an amount to be proven at trial, but believed to be two hundred thousand dollars.

33. Pursuant to *Code of Civil Procedure* §1021.5, Plaintiff is entitled to move the court, following success at trial, to recover his costs and reasonable attorney's fees because the rights implicated, as alleged herein, are of great public interest.

34. The outrageous conduct of Defendants, as more fully alleged above, which was carried out by Managing Agents and/or employees of Defendants, which upon information and belief was known by Defendants' officers and directors and their Managing Agents and subsequently ratified and condoned by the same, all as alleged herein, was done with oppression and malice, along with a conscious disregard of Plaintiff's rights. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

///

///

 

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof;

2.  For pre-judgment and post-judgment interest, according to proof;

3.  For punitive and exemplary damages, according to proof;

4.  For attorneys' fees, pursuant to statute and according to proof;

5.  For costs of suit incurred herein;

6.  For such other relief and the Court may deem just and proper.

Dated: October 9, 2017

**SMAILI & ASSOCIATES, P.C.**

By: _____
Jihad M. Smaili, Esq.
Adam K. Obeid, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: October 9, 2017

SMAILI & ASSOCIATES, P.C.

By: _____

Jihad M. Smaili, Esq.
Adam K. Obeid, Esq.
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

9

12:38:36 2017-10-09

EXHIBIT 2

David B. Monks (SBN 164232)
    E-Mail: dmonks@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
RYDER TRUCK RENTAL, INC.

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

DEC 20 2017

Sherri R. Carter, Executive Officer/Clerk
By: Candice S. Calagna, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, POMONA COURTHOUSE

| | |
|---|---|
| JOE G. RODRIGUEZ, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>RYDER TRUCK RENTAL, INC., a corporate entity form unknown, d/b/a/ RYDER TRANSPORTATION SERVICES; and DOES 1-50, inclusive,<br><br>            Defendants, | CASE NO.: KC069695<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Robert A. Dukes, Dept. O*<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br><br>Complaint Filed: October 10, 2017<br>Trial Date:     None Set |

Defendant Ryder Truck Rental, Inc., responds to Plaintiff Joe Rodriguez's Complaint for Damages as follows:

## GENERAL DENIAL

1.    Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, both generally and specifically, each and every allegation of Plaintiff's Complaint, and the whole Complaint, including each and every cause of action, and further specifically denies that Plaintiff has been damaged in any sum or sums or at all.

2.    Further answering the Complaint, including each and every cause of action contained in it, Defendant denies that Plaintiff has suffered or will sustain any injury, damage, or

ANSWER TO COMPLAINT

FPDOCS 33560957.1

loss by reason of any action, conduct, error or omission on Defendant's part.

3.     In addition to this general denial, pursuant to Code of Civil Procedure section 431.30(g), Defendant asserts the following affirmative defenses to the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim)

4.     Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

5.     By his conduct, Plaintiff has waived any right to recover any relief sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.     Plaintiff's claim is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

7.     Plaintiff's claim is barred by his failure to exhaust administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

8.     Plaintiff's Complaint is barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340 and 343, and Government Code section 12965.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9.     Any recovery on Plaintiff's Complaint is barred in whole or in part by Plaintiff's failure to mitigate his damages.

///

2

FPDOCS 33560957.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Same Decision)

10. If it is found that Defendant's actions were motivated by both discriminatory/retaliatory and non-discriminatory/non-retaliatory reasons, the non-discriminatory/non-retaliatory reasons alone would have induced Defendant to make the same decision.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

11. The cause of action in Plaintiff's Complaint is barred by the doctrine of laches in that Plaintiff has unreasonably delayed in bringing his claim, and that delay has prejudiced Defendant.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by his Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. That Defendant recover its costs of suit, including reasonable attorneys' fees; and

4. That the Court award such other and further relief as it deems appropriate.

DATE: December 19, 2017          FISHER & PHILLIPS LLP

By: _____
David B. Monks
Attorneys for Defendant
RYDER TRUCK RENTAL, INC.

3
ANSWER TO COMPLAINT

FPDOCS 33560957.1

*Rodriquez v. Ryder Truck Rental, Inc.*
Los Angeles Superior Court Case No: KC069695

## PROOF OF SERVICE
### (CCP § 1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On December 20, 2017, I served the following document(s) **[Document Title]** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jihad M. Smaili, Esq.<br>Adam K. Obeid, Esq.<br>SMAILI & ASSOCIATES, PC<br>Civic Center Plaza Towers<br>600 W. Santa Ana Blvd., Suite 202<br>Santa Ana, CA   92701 | Tel:  714-547-4700<br>Fax:  714-547-4710<br>Email:  jihad@smaililaw.com<br>adam@smaililaw.com<br><br>Attorneys for Plaintiff RODRIQUEZ |

☒    **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐    **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858) 597-9601. The fax reported no errors. A copy of the transmission report is attached.

☐    **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐    **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above at [INSERT TIME HERE].

☐    **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m, or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed December 20, 2017, at San Diego, California.

Beth Elliott _____    By: _____
                                                        Signature

1
PROOF OF SERVICE

EXHIBIT 3

David B. Monks (SBN 164232)
    E-Mail: dmonks@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
RYDER TRUCK RENTAL, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST DISTRICT -- POMONA

| | |
|---|---|
| JOE G. RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RYDER TRUCK RENTAL, INC., a corporate entity form unknown, d/b/a/ RYDER TRANSPORTATION SERVICES; and DOES 1-50, inclusive,<br><br>Defendants, | CASE NO.: KC069695<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Robert A. Dukes, Dept. O*<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: October 10, 2017<br>Trial Date:     None Set |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on December 21, 2017, Defendant Ryder Truck Rental, Inc., filed a Petition for Removal of this action in the United States District Court for the Central District of California. A copy of that Petition for Removal is attached to this Notice as Exhibit 1.

DATE: December 19, 2017

FISHER & PHILLIPS LLP

By: _____
David B. Monks
Attorneys for Defendant
RYDER TRUCK RENTAL, INC.

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION

FPDOCS 33561138.1

EXHIBIT 4



David B. Monks (SBN 164232)
    E-Mail: dmonks@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
RYDER TRUCK RENTAL, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST DISTRICT -- POMONA

| | |
|---|---|
| JOE G. RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RYDER TRUCK RENTAL, INC., a corporate entity form unknown, d/b/a/ RYDER TRANSPORTATION SERVICES; and DOES 1-50, inclusive,<br><br>Defendants, | CASE NO.: KC069695<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Robert A. Dukes, Dept. O*<br><br>**NOTICE TO SUPERIOR COURT OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br><br>Complaint Filed: October 10, 2017<br>Trial Date:      None Set |

TO THE CLERK OF THE SUPERIOR COURT:

PLEASE TAKE NOTICE that, on December 21, 2017, Defendant Ryder Truck Rental, Inc. ("Ryder"), filed with the United States District Court for the Central District of California its Petition for Removal of this action, a true and correct copy of which is attached to this Notice as Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), the filing of that Petition for Removal, together with the filing of this Notice, effects the removal of this action to federal court, and this Court may not proceed further with the litigation unless and until the case is remanded.

DATE: December 19, 2017

FISHER & PHILLIPS LLP

By
David B. Monks
Attorneys for Defendant

NOTICE TO SUPERIOR COURT OF REMOVAL TO FEDERAL COURT

FPDOCS 33561096.1